UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LUIS FRANCISCO RODARTE VALLES,<br><br>   Petitioner,<br><br>v.<br><br>MARCELLO VILLEGAS, et al.,<br><br>   Respondents. | No. 1:26-CV-099-H |

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Luis Francisco Rodarte Valles, a native and citizen of Mexico, is one such alien, having illegally entered the United States 22 years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. Dkt. No. 1.

*Buenrostro-Mendez* does not foreclose Rodarte Valles's due process and APA claims. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Rodarte Valles are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. And even if Rodarte Valles's APA claim had merit, the APA precludes judicial review.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

**1.   Background**

In 2004, Rodarte Valles illegally entered the United States at an unknown location.  Dkt. Nos. 1 ¶ 28; 1-2 at 1.  In late 2025, U.S. Immigration and Customs Enforcement (ICE) arrested Rodarte Valles and detained him without bond.  Dkt. No. 1 ¶ 29.  Rodarte Valles was soon placed into removal proceedings with a Notice to Appear.  Dkt. No. 1-2.  The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id.* at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

While detained, Rodarte Valles challenged ICE's custody determination—including its decision that he must be detained without bond—before an immigration judge.  Dkt. Nos. 1 ¶ 32; 1-3 at 1.  The IJ found that he lacked jurisdiction to consider Rodarte Valles's bond request.  Dkt. No. 1 ¶ 32.  Although the IJ did not say as much, his decision stemmed from the Board of Immigration Appeals' recent opinion in *Matter of Yajure Hurtado*, holding

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025). Rodarte Valles did not appeal. Dkt. No. 1-3 at 2.[2]

Instead, Rodarte Valles filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states two claims for relief. First, Rodarte Valles alleges that his detention without bond violates his due process rights. *Id.* ¶¶ 34–38. Second, Rodarte Valles contends that his detention without bond violates the APA. *Id.* ¶¶ 39–47.

Approximately one month before Rodarte Valles filed this petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo*, 2026 WL 81679, at *5).

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Rodarte Valles's petition does not present an exhaustion problem. *Id.*

Currently, Rodarte Valles is detained at the Bluebonnet Detention Center. Dkt. No. 1-4 at 1.

**2.    Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**3.    Analysis**

As noted above, Rodarte Valles raises two claims in his habeas petition—one involving the Fifth Amendment's Due Process Clause, and another based on the APA. Dkt. No. 1 ¶¶ 34–47. The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3] Likewise, the Court has also considered the viability of APA claims seeking habeas relief.[4] Even so, the Court considers the arguments raised in Rodarte Valles's petition to address whether bond-less

---

[3] *See supra*, n.1.

[4] *See, e.g.*, *Garibay-Robledo*, 2026 WL 81679, at *10.

detention of aliens present in the United States violates the Constitution or the APA. The answer is no.

### A.     Rodarte Valles's APA claim is frivolous.

Rodarte Valles asserts that DHS "acted arbitrarily and capriciously in continuing to detain [him]" without a bond hearing. Dkt. No. 1 ¶ 41; *see also* 5 U.S.C. § 706(2)(A). He claims that "DHS has effectively adopted a blanket detention policy that substitutes categorical rules for the individualized determinations required under the [INA]." Dkt. No. 1 ¶ 43. Rodarte Valles concedes that *Buenrostro-Mendez* forecloses statutory challenges under Section 1226 of the INA. *Id.* ¶ 21. Nevertheless, he seeks habeas relief to remedy DHS's purportedly unlawful action of detaining him without bond. *Id.* ¶ 47. But this argument fails twice over and evinces a fundamental misunderstanding of *Buenrostro-Mendez*.

First, Rodarte Valles tells the Court that "[h]abeas relief is warranted to remedy this unlawful agency conduct." *Id*. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Rodarte Valles requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025 (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)); *see also Garibay-Robledo*, 2026 WL 81679, at *10. The APA thus does not provide for judicial review of his claim.

Second, even if judicial review were available, this APA claim would still be frivolous in light of *Buenrostro-Mendez*. Rodarte Valles complains that DHS has not "provided a rational explanation for refusing to exercise [its] discretion" to grant him a bond hearing. *Id.* ¶ 44. He therefore fails to appreciate the significance of *Buenrostro-Mendez*: Bond is not discretionary matter because his detention is mandatory. Absent "urgent humanitarian reasons or significant public benefit," 8 U.S.C. § 1182(d)(5)(A), the INA requires that he be detained. *See Jennings v. Rodriguez*, 583 U.S. 281, 283 (2018) (describing Section 1225(b)(2)(A) as "mandat[ing] detention . . . until removal proceedings have concluded"). He is not entitled to a bond hearing.

Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Rodarte Valles is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, *Buenrostro-Mendez* requires that he be detained without bond under Section 1225(b)(2)(A). 166 F.4th at 498. Thus, Rodarte Valles's APA claim fails.

**B.     The Due Process Clause does not require the government to give Rodarte Valles a bond hearing.**

Next is Rodarte Valles's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 34–38. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Rodarte Valles's arguments. He devotes only a few sentences to this claim, arguing that he "has a fundamental interest in liberty and being free from official restraint," and that his detention

"without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process." *Id.* ¶¶ 36, 38.  He does not clarify whether his challenge is based on substantive or procedural due process.  But either way, he is not entitled to relief.

Start with substantive due process.  That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'"  *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)).  While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *J.G.G.*, 604 U.S. at 673, the Supreme Court has long affirmed the constitutionality of executive immigration procedures.  The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12.  To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention.  In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings.  In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally

detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Rodarte Valles has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Rodarte Valles is not entitled to a bond hearing as a matter of procedural due process.

**4.  Conclusion**

In short, Rodarte Valles, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. Neither the Due Process Clause nor the APA require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

– 9 –

So ordered on March 12, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE